# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**NANCY BOYLES (INTERDONATO)**                                                        **PLAINTIFF/RESPONDENT**

**V.**                                                                                     **CASE NO.: 2:12CV172-SA-SAA**

**CHARLES BOYLES**                                                                         **DEFENDANT/PETITIONER**

## MEMORANDUM OPINION

The Defendant/Petitioner, Charles Boyles, filed a Motion to Remand [12] for lack of subject matter jurisdiction asserting that there is no federal question presented as the issue is one involving a domestic relations matter. After reviewing the motion, responses, rules and authorities, the Court makes the following findings:

*Factual and Procedural Background*

Over nineteen years ago, the Chancery Court of Bolivar County, Mississippi, issued a divorce decree between the parties. In that decree, the court ordered the Defendant/Petitioner, Charles, to pay Plaintiff/Respondent, Nancy, $300.00 monthly for alimony. In accordance with the decree, Charles designated Nancy as the beneficiary of his military survivor benefits plan so that alimony could continue even after Charles's death. Charles now seeks to modify the final divorce decree by removing Nancy as his beneficiary because the death benefits have increased substantially and are not divisible. Charles seeks to establish either an irrevocable trust, or some other means of payment.

After Charles petitioned the Bolivar County Circuit Court to modify the divorce decree, Nancy removed the cause to federal court claiming that a federal question exists because the survivor benefits fall under a federal plan—the Uniformed Services Former Spouses Protection Act, U.S.F.S.P.A. 10 U.S.C. § 1408, *et. seq*.

However, Charles seeks to have the cause remanded to the Circuit Court of Bolivar County, Mississippi for lack of subject matter jurisdiction, being that there is no federal question at issue.

*Standard*

A plaintiff may file a motion for remand to challenge the removal of an action from state court to federal court. The removal is proper under 28 U.S.C. § 1441(a) as long as the plaintiff could have brought the action in federal court. Section 1441, however, is strictly construed against removal, and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. Manguno v. Prudential Prop. & Cas. Ins. Co.*,* 276 F.3d 720, 723 (5th Cir. 2002). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. Howery v. Allstate Ins. Co.*,* 243 F.3d 912, 916 (5th Cir. 2001).

*Analysis and Discussion*

Section 1331 grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether a federal question exists, the court must determine whether Charles' modification of his divorce decree necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). The U.S.F.S.P.A. enables a former spouse the right to receive survivor benefits. 10 U.S.C.A. § 1448. However, the U.S.F.S.P.A. was not intended to expand the subject matter jurisdiction of federal courts, but merely empower the court that otherwise has jurisdiction to divide marital property. Steel v. U.S., 813 F.2d 1545,

1548 (9th Cir. 1987). Indeed, the statute defines "court" as "any court of competent jurisdiction of any State. . . ." 10 U.S.C.A. § 1408(a)(1)(a).

When domestic relations are at the heart of litigation, federal jurisdiction is improper. Fern v. Turnman, 736 F.2d 1367, 1368 (9th Cir. 1984). In Fern, the appellants, retired military officers, requested that their state divorce decrees be declared invalid because the decrees required their military retirement pay to be paid to their former spouses. Id. Appellants ceased payments, and their former spouses brought suit in state court to compel the appellants to comply with the divorce decrees. Id. Because the appellant's retirement pay was determined by federal statute, they argued that this creates a federal question, and removed the cause to federal court. Id. "Appellants requested the district court to invalidate a term of their divorce decrees based upon an interpretation of federal law." Id. at 1370. However, the former spouse's claims were "at the heart of this litigation," and those claims arose "entirely under state law," therefore, the court held federal jurisdiction improper. Id. at 1368.

Like the appellants in Fern, Charles is requesting the district court to modify a divorce decree based upon an interpretation of a federal act— the Uniform Services Former Spouses Protection Act. Although a federal statute may help decide a disputed issue; that in itself does not mean that the action arose under federal law. The claim arose because of a state ordered divorce decree.

Because this cause seeks to modify a divorce decree, which is a matter typically left to the states, it is remanded to the Bolivar County Circuit Court. Federal courts typically decline to intervene in domestic relation matters. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ex parte Burrus, 136 U.S. 586, 10 S. Ct. 850, 34 L. Ed. 500 (1890). See also Mansell v.

Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed. 2d 675 (1989) ("[D]omestic relations are preeminently matters of state law"); Moore v. Sims, 442 U.S. 415, 435, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979) ("Family relations are a traditional area of state concern"). The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992).

Here, the issues raised by the parties implicate domestic relation policies that would be better decided by the state. The disputed issue would not have arose but for the state ordered divorce decree. Because it has been determined that domestic relations are better left to the state, the cause is remanded.

Even if a federal question existed, equitable considerations "favor the resolution of the federal question and any resulting state law questions in a single proceeding." Fern, 736 F.2d 1367 at 1370. As the federal court cannot modify the state court decree, the issue is remanded to the Circuit Court of Bolivar County.

*Conclusion*

The Court lacks subject matter jurisdiction because federal question jurisdiction does not exist. Therefore, the cause is remanded to the Circuit Court of Bolivar County, Mississippi.

SO ORDERED, this the 27th day of June, 2013.

                                        **/s/ Sharion Aycock**
                                        **U.S. DISTRICT JUDGE**